IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Darryl A. Fuller, | ) | Case No. 0:25-cv-13818-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| South Carolina Department of | ) | |
| Behavioral Health and Developmental | ) | |
| Disabilities; LaNelle DuRant, *Esquire*; | ) | |
| Pratap Narayan, *MD*; Dr. Domino; | ) | |
| Randi Pickens, *LISW*; Kenneth M. | ) | |
| Kepler, *LPC*; Tiehema T. Brown, | ) | |
| *et al. individually and in their official* | ) | |
| *capacities*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Complaint, a Report and Recommendation ("Report") of the Magistrate Judge, and Plaintiff's motions to appoint counsel, to amend/correct the Complaint, to compel, for issuance of a subpoena, and for mental evaluation. [Docs. 1; 21; 26.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

On January 30, 2026, the Magistrate Judge issued a Report recommending that the Court dismiss the action without prejudice and without issuance and service of process. [Doc. 21.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id.* at 9.] Plaintiff filed objections on February 23, 2026. [Doc. 26.]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## BACKGROUND

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983. [Doc. 1.] As the Magistrate Judge recounted,

> Plaintiff is currently serving a thirty-year sentence for murder at Perry Correctional Institution. Plaintiff alleges that, in 2006, when he was housed in Alvin S. Glenn Detention Center awaiting trial, he attempted suicide three times. He alleges that he was then involuntarily committed and diagnosed with schizoaffective disorder, antisocial personality disorder, and a low global functioning score. Plaintiff's attorney, Defendant DuRant, moved for and was granted a *M'Naghten* evaluation to investigate a potential insanity defense for Plaintiff. Plaintiff alleges that DuRant tampered with his medical records, removing mitigating evidence of his "extreme Psychopathic data," before forwarding the records to examiners, and then disappeared for six months before withdrawing as counsel. He alleges that Defendant Narayan, the forensic psychiatrist conducting Plaintiff's evaluation,

2

requested the missing records in September 2006 and DuRant failed to respond, resulting in discrimination.

Plaintiff alleges that on May 4, 2006, he had to be physically restrained and administered sedatives after a violent outburst.  He contends that, twelve hours later, Defendants Narayan, Domino, and Pickens, the South Carolina Department of Behavioral Health and Developmental Disabilities ("SCDBHDD") officials responsible for Plaintiff's forensic evaluation, "interposed Plaintiff Emergency Treatment."  In their report, the evaluators found that Plaintiff was malingering psychotic symptoms and memory impairment and did not lack criminal responsibility due to any mental disease or defect.  The crux of Plaintiff's claim appears to be that the evaluation would have turned out differently, and Plaintiff could have received necessary mental health treatment while incarcerated, if DuRant had supplied the examiners with all relevant information.  Plaintiff further alleges that DuRant corresponded with him from 2022 to 2025 through letters and contraband cell phones and that he filed a grievance against her with the South Carolina Supreme Court in August 2024.

Plaintiff identifies Defendant Kepler as a licensed counselor[1] "responsible for the outpatient forensic evaluation completion and disclosure to Plaintiff."  And the remaining defendant, Tiehman Brown, is a woman whom Plaintiff alleges supplied him with a gun in 2006, knowing that he was mentally unstable.  Plaintiff seeks monetary damages, a declaration that the defendants acted unconstitutionally, and an order permanently enjoining the defendants from acting arbitrarily toward Plaintiff.

[Doc. 21 at 1–3 (footnote added) (original footnotes and citations omitted).]

## DISCUSSION

The Magistrate Judge recommends dismissing the present action without prejudice and without issuance and service of process.  [*Id.* at 1; 8.]  In particular, the Magistrate Judge concluded that Plaintiff's claims are barred by the three-year statute of

---

[1] In his objections, Plaintiff states that Kepler is a "Licensed Program Coordinator," not a licensed counselor.  [Doc. 26 at 4.]

limitations applicable to § 1983 suits because the facts underlying Plaintiff's claims occurred in 2006. [*Id.* at 4–6.] Further, the Magistrate Judge concluded that Plaintiff fails to allege the degree of mental incompetency necessary to equitably toll the statute of limitations. [*Id.* at 6 n.5.]

Plaintiff filed objections to the Report. [Doc. 26.] Most of Plaintiff's arguments do not engage the Magistrate Judge's analysis. [*See generally id.*] However, out of an abundance of caution for the pro se Plaintiff, the Court identifies a few arguments warranting de novo review of the Report, the record, and the applicable law. First, Plaintiff appears to argue that the statute of limitations for his suit began to run from the date he received a letter from DuRant on July 22, 2023. [*Id.* at 1; *see also* Doc. 1-1 at 8 (letter dated July 13, 2023).] According to Plaintiff, the letter contains "[n]ewly [d]iscovered . . . [e]vidence" that DuRant failed to complete the *M'Naghten* evaluation and "left note[s] for the public defenders that would be assigned to Plaintiff['s] case." [Doc. 26 at 1.] Further, Plaintiff appears to contend that his claims should be equitably tolled because his mental illnesses prevented him from timely filing suit. [*See, e.g., id.* at 1–2, 4, 7.] The Court overrules Plaintiff's objections and accepts the Report of the Magistrate Judge to the extent consistent with this Order.

"[T]he statute of limitations for § 1983 claims arising in South Carolina is three years, regardless of the underlying allegations of the § 1983 claim." *Brannon v. Blanton*, No. 9:15-2434-CMC, 2016 WL 4232886, at *2 (D.S.C. Aug. 11, 2016). "A § 1983 cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, Md. House of Corr.,* 64 F.3d 951, 955 (4th Cir. 1995); *see also Wallace v. Kato,* 549 U.S. 384, 388

4

(2007) (providing that the accrual date for a § 1983 claim is a question of federal law). Here, the Magistrate Judge correctly concluded that Plaintiff's claims began to accrue in 2006. First, Plaintiff underwent forensic evaluation, conviction, and sentencing in 2006. [*See* Doc. 21 at 5.] Second, Plaintiff highlights language in the written forensic report—also completed in 2006—as evidence of the examiners' allegedly incomplete forensic evaluation. [*See* Docs. 26 at 2–3, 7; 1-1 at 6 ("This report is based on information available to us at the present time and is subject to change should new information become available. Additional records have been requested from the Columbia Care Center . . . but have not yet been received.").] Finally, the judge presiding over Plaintiff's plea colloquy apparently "read from [the] [i]ncomplete M'Naghten [r]eport." [Doc. 26 at 14; *see also id.* at 4.] Taken together, these facts indicate that Plaintiff was aware—or could have become aware through reasonable inquiry—of his alleged injuries in 2006.

Further, the undersigned identifies no new evidence in DuRant's 2023 letter pertaining to Plaintiff's 2006 *M'Naghten* evaluation. [*See* Docs. 26 at 1; 1-1 at 8.] In fact, the letter in question contains no explicit or implicit references to *M'Naghten* at all. [*See* Doc. 1-1 at 8 ("I have read the information that you sent to me[,] but my position has not changed. . . . The file you sent with attorney notes indicates that I left notes for the attorney who would be assigned to your case[,] but I did not know who that would be.").]

Finally, Plaintiff fails to allege an entitlement to equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Plaintiff fails on both accounts. Principally, Plaintiff litigated state post-conviction matters and a federal habeas

case during the period of his alleged incompetency, undermining any allegations of diligence or extraordinary circumstances. [*See* Doc. 21 at 6 n.5]; *Ashley v. Does 1–2,* No. 5:22-cv-74, 2024 WL 1242489, at \*5 (S.D. Ga. Mar. 22, 2024) ("Plaintiff's allegations concerning . . . his mental illness are inconsistent with the fact Plaintiff admits he filed and litigated a federal lawsuit during the same period of time. Plaintiff's allegations . . . fall far short of demonstrating the 'extraordinary circumstances' necessary for equitable tolling.")*; Snider v. Pa. DOC*, 505 F. Supp. 3d 360, 438 (M.D. Pa. 2020) ("Given Mr. Snider's abilities to litigate through multiple cases in two federal district courts and no finding of his mental incompetence, there is no basis to equitably toll the limitations period."); C*hun v. City and Cnty. of Honolulu,* No. 18-00131 JMS-RT, 2020 WL 3965943, at \*5–6 (D. Hi. July 13, 2020) ("Plaintiff was capable of filing and pursuing claims in judicial and administrative proceedings, both pro se and with the assistance of counsel. . . . Accordingly, even assuming that Plaintiff was mentally incompetent for a period of time, he has not shown . . . that he was sufficiently diligent. Given that Plaintiff was able to prosecute a worker's compensation claim and a civil case in this court—both relating to the claims before the court now—Plaintiff has failed to come forward with evidence to show that any mental incompetence prevented him from initiating this instant lawsuit.").

Based on the foregoing, the Court concludes that Plaintiff's suit is barred by the applicable three-year statute of limitations.[2]

---

[2] Alternatively, Plaintiff's claims against DuRant should be dismissed because DuRant is not a state actor. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.")

In addition, to the extent Plaintiff seeks to overturn his conviction, Plaintiff's claims for damages and declaratory relief are barred by *Heck v. Humphrey*, 512 U.S. 477, 486–

Plaintiff asks the Court for leave to file an amended complaint to remove Defendants Kepler and Brown and add attorney Gregory Brian Collins as a defendant. [Doc. 26 at 3.]  The Court denies the motion because amendment would be futile.  *See Foman v. Davis,* 371 U.S. 178, 182 (1962) (holding that leave to amend a pleading should be denied when the amendment would be futile).  In addition, Plaintiff's proposed amended complaint is not complete in itself.  *See Tucker v. Price*, No. 4:22-cv-1861-MGL-MHC, 2023 WL 10449206, at *1 (D.S.C. Jan. 24, 2023) (denying a motion to amend the complaint based on the plaintiff's failure to file a proposed amended complaint and stating that "[a] plaintiff may not amend a complaint in piecemeal fashion by merely submitting additional factual allegations" and an amended complaint "should be complete in itself" (internal quotation marks omitted)).

Regarding Plaintiff's motion to appoint counsel, the Court agrees with the Magistrate Judge that Plaintiff does not possess a colorable claim for relief.  [*See* Doc.  21 at 7.]  Accordingly, appointment of counsel is not warranted, and the Court denies the motion.

Plaintiff's remaining motions to compel, for issuance of a subpoena, and for mental evaluation are found as moot in light of the Court's summary dismissal of this action.

---

87 (1994).  *See id.* at 481 ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.").

## CONCLUSION

Based on the foregoing, the Court accepts the Report and Recommendation of the Magistrate Judge as modified and incorporates it by reference to the extent consistent with this Order. Plaintiff's Complaint [Doc. 1] is DISMISSED with prejudice and without issuance and service of process because it is barred by the applicable statute of limitations. Further, Plaintiff's motions to amend/correct the Complaint and to appoint counsel [*see* Doc. 26] are DENIED. Plaintiff's remaining motions to compel, for issuance of a subpoena, and for mental evaluation [*see id.*] are FOUND AS MOOT.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

May 1, 2026
Columbia, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.